**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                            Case No. 92-CR-20076-07

YOLANDA REYES,

    Defendant.
                                               /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF FINE PURSUANT TO 18 U.S.C. § 3573 AND GRANTING THE GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION**

Pending before the court is Defendant Yolanda Reyes's August 1, 2007 "Motion for Modification of Fine Pursuant to 18 U.S.C. § 3573" and the government's August 8, 2007 motion to dismiss Defendant's motion for lack of jurisdiction. For the reasons set forth below, the court will deny Defendant's motion and grant the government's motion.

On May 20, 1993, Defendant was sentenced to 235 months, with five years supervised release and a fine of $40,000, for violations of 21 U.S.C. §§ 841(a)(1) and 846. Defendant asserts that the court should expunge or suspend her assessed fine pursuant to 18 U.S.C. § 3573.

"Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice . . . defer payment of the fine." 18 U.S.C. § 3573. The language of § 3573 indicates that the government must initiate any motion to defer payment of a fine. *U.S. v. Grannis,* 84

F. App'x 480, 481 (6th Cir. 2003) (citing *U.S. v. Linker,* 920 F.2d 1, 2 (7th Cir. 1990))[1].

Because Defendant, and not the government, initiated the present motion, the court does not retain jurisdiction over this matter.[2] Accordingly,

IT IS ORDERED that Defendant's "Motion for Modification of Fine Pursuant to 18 U.S.C. 3573" [Dkt. # 495] is DENIED.

IT IS FURTHER ORDERED that the government's "Motion to Dismiss Pleading (R. 495) for Lack of Jurisdiction" [Dkt. # 496] is GRANTED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 4, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] While the court notes that *Grannis* is not recommended for full-text publication and unpublished opinions are without precedential value in the Sixth Circuit, the reasoning espoused in *Grannis* relies on the Seventh Circuit's opinion in *Linker,* which is persuasive authority with respect to this issue. Further, unpublished opinions of the Sixth Circuit are also persuasive authority for this court. *U.S. ex rel. A+ Homecare, Inc. v. Medshares, Mgmt. Group, Inc.,* 400 F.3d 428, 449 n.15 (6th Cir. 2005).

[2] Because the court does not retain jurisdiction over this matter, the court will not reach the merits of the government's additional argument under 28 U.S.C. § 2255.